ELIAS THOMAS *vs.* LEWIS CLARK and ARTHUR BOOTHBY, alleged trustee.

York, 1874.—June 13, 1876.

*Trustee process. Assignment.*

The true consideration of an assignment of the property of a debtor for the benefit of his creditors is the agreement of the assignee to perform the trusts imposed upon him by the assignment; and that, in contemplation of law, constitutes a full and complete consideration.

The statute, R. S., c. 70, § 2, which declares that the assignor shall make oath to the truth of the assignment, does not prescribe any particular form of oath. *Held*, that an oath and certificate in the form following were sufficient: "I, L. C., do solemnly swear that I have placed and assigned all my property of every description in the hands of said A. B., to be divided among all my creditors who shall become parties to said assignment within three months from the date thereof, in proportion to their respective claims. (Signed) L. C. YORK, ss. (date.) Personally appeared L. C. and made oath that the above affidavit by him subscribed is true. Before me, W. M., justice of the peace."

The statute, R. S., c. 70, § 3, requiring the account of the assignee to be *rendered* to the judge of probate within six months, does not require it to be *allowed* within that time. Thus, where the assignment was dated October 16, 1872, and the assignee rendered his account to the judge of probate on the first day of the following April; *held*, that the fact that the account was not allowed till the May term of his court, was unimportant.

Under the statute, R. S., c. 70, § 7, which provides that the assignee may be trusteed after the lapse of eighteen months from the assignment, or two years, if the probate court extend the time so long, in favor of a creditor who has not become a party to the assignment, the assignee will not be holden as trustee for more than the excess of the estate in his hands after the payment of the debts of the creditors who have become parties to the assignment, and the lawful expenses.

The clause in an assignment for the benefit of creditors, "being responsible only for his actual receipts or willful defaults," annexed to the agreement of the assignee accepting the trust, will not vitiate the assignment. It does not release the assignee from the use of due diligence to collect the debts due to the assignor.

ON EXCEPTIONS.

ASSUMPSIT upon promissory notes to which no defense was made.

The contention was as to the liability of the alleged trustee, who disclosed at the September term, 1873, that at the time of the service upon him, May 27, 1873, he had no "goods, effects or credits" of Clark in his hands. He also disclosed a written assignment of Clark to himself of the following tenor : "Know all men by these presents, that I, Lewis Clark, of Limington, in the county of York and state of Maine, in consideration of one dollar to me paid by Arthur Boothby, of Limington aforesaid, and of all the trusts herein expressed, do grant and assign to said Arthur Boothby all my property, estate, rights and credits of every description, (a schedule thereof is hereto annexed,) to have and to hold the same, to said Arthur Boothby and his heirs, in trust, to sell and dispose of the said property to the best advantage, and to collect and convert into money the said debts and demands, and after deducting from the proceeds of said property the expenses incurred by said Arthur Boothby in transacting the business, and a reasonable compensation for his services, to divide and pay the said proceeds among all the creditors of said Lewis Clark, who shall become parties to this agreement within three months from the date hereof, in equal proportion of their respective claims. Arthur Boothby aforesaid agrees to execute said trust, being responsible only for his actual receipts or willful defaults. The creditors whose names are subscribed, agree to said assignment, and that this instrument shall be a release in full of all their claims whenever their just proportion of all the proceeds of said property shall be paid. Witness our hands and seals this sixteenth day of October, A. D. 1872. Signed, Lewis Clark. [Seal.] Arthur Boothby. [Seal.] Signed, sealed and delivered in presence of Wm. M. McArthur.

I, Lewis Clark, do solemnly swear that I have placed and assigned all my property of every description in the hands of said Arthur Boothby, to be divided among all my creditors who shall become parties to said assignment within three months from the date thereof, in proportion to their respective claims. (Signed,)

Lewis Clark. YORK, ss., October 16, 1872. Personally appeared Lewis Clark and made oath that the above affidavit by him subscribed is true. Before me, Wm. M. McArthur, justice of the peace."

The alleged trustee also put into the case the petition to the probate court for an extension of time to two years within which to close the administration of the estate, which extension at the March term of the probate court, 1874, was granted as prayed for.

At the same September term, the plaintiff's counsel filed allegations, and claimed that Boothby should be holden as trustee on the several grounds hereinafter stated in the opinion of the court, and also that R. S., c. 70, was superseded by the bankrupt act. The presiding justice ruled that the trustee be discharged, and to that ruling allowed the plaintiff his exceptions.

*T. H. Haskell,* for the plaintiff, in his argument in support of the exceptions, took the positions stated in the opinion of the court, some of which appear in the following brief.

The assignment under which the trustee claims is in fraud of creditors and void.

I. Because it is without adequate consideration and does not provide for a distribution of all of the defendant's property among all his creditors, but limits the distribution to those who became parties to the assignment, and stipulates that the trustee shall be responsible only for actual receipts and willful defaults, thus reserving a secret interest to the debtor. *Berry* v. *Cutts,* 42 Maine, 445. *Brown* v. *Warren,* 43 N. H., 430. *Spinney* v. *Portsmouth Co.,* 25 N. H., 9.

II. Because it does not comply with R. S., c. 70. *Simmons* v. *Curtis,* 41 Maine, 373. *Pearson* v. *Crosby,* 23 Maine, 261.

III. Because R. S., c. 70, § 7, protects property in the hands of the assignee from attachment and trustee process for six months only, and because the assignee did not account to the judge of probate within six months.

IV. Because R. S., c. 70, is inoperative by reason of the existence of the bankrupt act, in that it acts upon the same subject matter in distributing the property of the debtor among his creditors, and for the same reason an assignment is void, whether other-

wise good at common law only or by force of the state statute, which does not provide for a proportional distribution of the debtor's property among all his creditors, but limits it to those who become parties to the assignment. *Ex parte Eames*, 2 Story, 323. *Sturgis* v. *Crowninshield*, 4 Wheat., 122. *Ogden* v. *Saunders*, 12 Wheat., 213. *In re Reynolds*, 9 B. R., 50. *Carter* v. *Sibley*, 4 Metc., 298. *Griswold* v. *Pratt*, 9 Metc., 16. *Com.* v. *O'Hara*, 6 Law Reg., 765. *Wyles* v. *Beals*, 1 Gray, 233. *Edwards* v. *Mitchell*, 1 Gray, 239.

*E. B. Smith*, for the alleged trustee.

WALTON, J. The only question is whether the trustee shall be charged or discharged. He is the assignee of the principal defendant under an assignment for the benefit of his creditors.

No reason is perceived why the assignment should not be sustained and the trustee discharged.

I. The first point made by the learned counsel for the plaintiff, that the assignment was made for the purpose of hindering and delaying creditors, and is therefore fraudulent, is not sustained by proof. There is nothing to indicate that the assignment was not made in good faith, and for the purpose of securing to all his creditors the payment of their debts as far as the debtor's means would go.

II. The point that the consideration for the assignment is inadequate is not well taken. True, the pecuniary consideration named is only one dollar; but the true consideration is the agreement of the assignee to perform the trusts imposed upon him by the assignment; and that, in contemplation of law, constitutes a full and complete consideration.

III. Nor is the point that the assignment does not provide for a proportional distribution among all the creditors becoming parties thereto, well taken. The assignment does provide for such a distribution.

IV. Nor is the point that the assignment was not properly sworn to, well taken. The statute does not prescribe any particular form of oath. It simply declares that the assignor shall make oath to the truth of the assignment. R. S., c. 70, § 2. This the

assignor did, and we think the form of the oath, and also the magistrate's certificate, are sufficient in form and in substance.

V. Nor is the point that the assignee did not render a true account of his doings to the judge of probate within six months, well taken. The assignment is dated October 16, 1872. The trustee, in his disclosure, says he rendered his account to the judge of probate on the first day of the following April, and that it was sworn to. That was within six months. The fact that the account was not allowed by the judge of probate till the May term of his court, is unimportant. The statute only requires the account to be rendered within the six months; it does not require it to be allowed within that time. Besides, the delay was necessary, in order that notice might in the mean time be given.

VI. Nor is the point that after six months from the publication of notice of the assignment, or after eighteen months, or two years, if the judge of probate shall so long extend the time for the settlement of the estate, the assignee may be held as trustee in favor of a creditor who has not become a party to the assignment, well taken. At no time can the trustee be charged for more than the excess of such estate remaining in his hands after the payment of the debts of the creditors who have become parties to the assignment and the lawful expenses. Such is the true intent and meaning of the statute referred to. R. S., c. 70, § 7. In this case there is no such excess. The debts are over $12,000, and the assets less than $4000.

VII. Nor does the clause, "being responsible only for his actual receipts or willful defaults," annexed to the agreement of the assignee accepting the trust, vitiate the assignment. The argument that this clause releases the assignee from the use of due diligence to collect the debts due to the assignor, is not, in our judgment, well founded. The law requires the assignee to use due diligence in the discharge of all his duties, and the above clause will not release him from such a discharge of his duties. An omission to use due diligence would, in contemplation of law, be a willful default.

We believe we have now considered all the points raised by the

learned counsel for the plaintiff. None of them, in our judgment, are tenable. *Exceptions overruled.*

*Trustee discharged.*

APPLETON, C. J., BARROWS, VIRGIN and PETERS, JJ., concurred.